**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 11-CR-0118-001-CVE |
| | ) 16-CV-0562-CVE-FHM |
| | ) |
| **STEVEN PAUL WOOTEN,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Now before the Court is defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 62). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

On May 11, 2012, defendant was sentenced to a 60-month term of imprisonment following his plea of guilty to the offense of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d). Defendant appeared for sentencing on a writ of habeas corpus ad prosequendum from the State of Oklahoma, where he had been held since July 2011 on unrelated offenses in Tulsa County Case No. CF-2011-2476 (two counts of false pretense of $500 or con game) and Tulsa County Case No. CF-2007-3210 ( a revocation sentence on an October 2007 conviction for second degree forgery).

On June 27, 2012, the Court filed a recommendation for partially concurrent designation based on the defendant's initial letter (Dkt. # 50), dated May 31, 2012, questioning his placement

in state custody. The Court construed the defendant's inquiry liberally as a motion for a concurrent sentence. The Court found that the aforementioned Tulsa County cases were not related to the instant offense. Under such circumstances, a district court may order the instant offense to run concurrently, partially concurrently, or consecutively to the undischarged terms of imprisonment to achieve a reasonable punishment for the instant federal offense. See USSG §5G1.3(c); 18 U.S.C. §§ 3584(a), (b). Based on the nature and unrelated character of the state offenses and the length of the sentences imposed, and in consideration of 18 U.S.C. § 3553(a) factors, the Court found that it was reasonable for the instant federal imprisonment term to run partially concurrently with the undischarged Tulsa County sentences. Accordingly, defendant's motion for recommendation for nunc pro tunc designation of a state institution for concurrent service of the instant federal sentence (Dkt. # 51) was granted in part and denied in part.

On April 17, 2013, defendant filed a second letter (Dkt. # 52), requesting that the Court order all of the 60-month term of imprisonment imposed in the instant federal conviction to run concurrently with Tulsa County Case Nos. CF-2011-2476 and CF-2007-3210. The Court denied this request in an Order (Dkt. # 53) filed on April 23, 2013.

On August 12, 2013, defendant filed a third letter (Dkt. # 54), requesting transfer from a state facility to a federal facility, to be re-evaluated to determine the extent to which being denied his previous request for transfer affected his mental condition, and that the Court issue a writ of habeas corpus so that he could address the Court on his need for medical and psychiatric care. The Court denied defendant's request to transfer from a state facility to a federal facility, declared moot his request for re-evaluation, and dismissed his request for a writ of habeas corpus, in an Opinion and Order (Dkt. # 55) filed on August 19, 2013.

On October 23, 2013, defendant filed a fourth letter (Dkt. # 56) requesting appointment of new counsel to aid him in address various issues regarding his term of imprisonment. The Court denied this request in an Order (Dkt. # 59) dated January 29, 2014. The Court also received numerous letters from defendant and various family members asking the Court for various kinds of relief, including commuting defendant's federal sentence and removing defendant's federal detainer. The United States Probation Office responded to each of these letters, explaining that the Court had no authority to grant these requests because these requests did not fall within the narrow set of circumstances under which the Court could reconsider defendant's sentence.

On August 26, 2016, the Court received both defendant's § 2255 motion and a letter, again requesting that he be granted time served for his federal sentence, that his federal detainer be removed, and that he be moved from a medium security facility to a minimum security facility (Dkt. ## 61, 62).

In its numerous previous orders and in response to previous letters from defendant and his family members, both the Court and the Probation Office have repeatedly stated that the Court does not have the jurisdiction to alter defendant's sentence beyond the relief it afforded defendant in its June 27, 2012 Nunc Pro Tunc Recommendation for Partially Concurrent Designation (Dkt. # 51). Defendant's requests for alteration of his federal sentence do not fall within the circumstances under which the Court may reconsider defendant's sentence. See 18 U.S.C. § 3582(c). As to defendant's requests regarding his incarceration in the Oklahoma state prison system, the Court finds that does not have the authority to consider such a request. Defendant makes no allegations that his incarceration is in violation of the Constitution or laws of the United States; defendant seeks only

3

more desirable conditions of state incarceration. As such, the Court has no jurisdiction to consider defendant's claims.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 62) is **dismissed for lack of subject matter jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 31st day of August, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE