IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-CR-0118-001-CVE |
| v. ) | |
| ) | |
| STEVEN PAUL WOOTEN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for execution and hearing of warrant and/or dismissal of detainer (Dkt. # 66). On May 11, 2012, defendant was sentenced in this case to a 60-month term of imprisonment following his plea of guilty to the offense of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d). Defendant appeared for sentencing on a writ of habeas corpus ad prosequendum from the State of Oklahoma (Oklahoma), where he had been held since July 2011 on unrelated offenses in Tulsa County Case No. CF-2011-2476 (two counts of false pretense of $500 or con game) and Tulsa County Case No. CF-2007-3210 (a revocation sentence on an October 2007 conviction for second degree forgery). Oklahoma has primary jurisdiction and defendant is currently incarcerated within the Oklahoma Department of Corrections (ODOC). The United States Marshals Service (USMS) has lodged a detainer pursuant to the Judgment and Commitment entered in this case. On June 27, 2012, this Court filed a recommendation for partially concurrent designation based on the defendant's initial letter (Dkt. # 50), dated May 31, 2012, questioning his placement in state custody. The Court construed the defendant's inquiry liberally as a motion for a concurrent sentence. The Court found that the aforementioned Tulsa County cases were not related to the instant offense. Under such circumstances, a district court may order the instant offense to run

concurrently, partially concurrently, or consecutively to the undischarged terms of imprisonment to achieve a reasonable punishment for the instant federal offense. See USSG §5G1.3(d); 18 U.S.C. §§ 3584(a), (b). Based on the nature and unrelated character of the state offenses and the length of the sentences imposed, and in consideration of 18 U.S.C. § 3553(a) factors, the Court found that it was reasonable for the instant federal imprisonment term to run partially concurrently with the undischarged Tulsa County sentences. Accordingly, defendant's motion for recommendation for nunc pro tunc designation of a state institution for concurrent service of the instant federal sentence (Dkt. # 51) was granted in part and denied in part.

On April 17, 2013, defendant filed a second letter (Dkt. # 52), requesting that the Court order all of the 60-month term of imprisonment imposed in the instant federal conviction to run concurrently with Tulsa County Case Nos. CF-2011-2476 and CF-2007-3210. The Court denied this request in an Order (Dkt. # 53) filed on April 23, 2013.

On August 12, 2013, defendant filed a third letter (Dkt. # 54), requesting transfer from a state facility to a federal facility to be re-evaluated to determine the extent to which being denied his previous request for transfer affected his mental condition, and that the Court issue a writ of habeas corpus so that he could address the Court on his need for medical and psychiatric care. The Court denied defendant's request to transfer from a state facility to a federal facility, declared moot his request for re-evaluation, and dismissed his request for a writ of habeas corpus, in an Opinion and Order (Dkt. # 55) filed on August 19, 2013.

On October 23, 2013, defendant filed a fourth letter (Dkt. # 56) requesting appointment of new counsel to aid him in addressing various issues regarding his term of imprisonment. The Court denied this request in an Order (Dkt. # 59) dated January 29, 2014. The Court also received numerous letters from defendant and various family members asking the Court for various kinds of relief, including commuting defendant's federal sentence and removing defendant's federal detainer. The United States Probation Office responded to each of these letters, explaining that the Court had no authority to grant these requests because these requests did not fall within the narrow set of circumstances under which the Court could reconsider defendant's sentence.

On August 26, 2016, the Court received both defendant's § 2255 motion and a letter, again requesting that he be granted time served for his federal sentence, that his federal detainer be removed, and that he be moved from a medium security facility to a minimum security facility (Dkt. ## 61, 62). The Court dismissed defendant's § 2255 motion for lack of subject matter jurisdiction (Dkt. # 64) and filed a judgment of dismissal (Dkt. # 65).

Defendant now files a motion and a letter with the Court to recall or dismiss the USMS detainer lodged with ODOC and bring the defendant before the appropriate court pursuant to a writ of habeas corpus ad prosequendum for disposal of the detainer and any underlying charges.

The defendant alleges in his motion that he is charged with an offense within the Court's jurisdiction and a warrant has been issued for his arrest. Further, that the detainer is creating "irreparable injury" by restricting defendant, as he alleges that he is suffering from high custodial detention, job restrictions, ineligibility for rehabilitation programs, and parole ineligibility. Finally, defendant alleges that he is unable to further his treatment goals as long as the detainer is in effect.

The defendant's motion is factually inaccurate and not within the jurisdiction of this Court. The "For Execution and Hearing of Warrant and/or Dismissal of Detainer" is a form utilized by prisoners to initiate proceedings pursuant to Article III of the Interstate Agreement on Detainers (Agreement). The Agreement gives prisoners incarcerated in one state or federal jurisdiction the right to demand speedy disposition of "any untried indictment, information or complaint" that is the basis of a detainer lodged against him by another state or federal jurisdiction. See Carchman v. Nash, 473 U.S. 716, 725 (1985). The Court finds that the defendant does not have any outstanding or pending criminal charges in this jurisdiction. Further, the Court finds that the detainer in this case is a USMS hold for notification so that upon completion of the state sentences, the USMS may assume custody of the defendant for service of his federal sentence. Finally, in its numerous previous orders and in response to previous letters from defendant and his family members, the Court and the Probation Office have repeatedly informed defendant that the Court does not have the jurisdiction to alter defendant's sentence beyond the relief it afforded defendant in its June 27, 2012, Nunc Pro Tunc Recommendation for Partially Concurrent Designation (Dkt. # 51). As to defendant's inability to "further his rehabilitation goals" in the Oklahoma prison system, the Court finds that it does not have the authority to consider the issues presented. Oklahoma had and retains primary jurisdiction over the defendant; therefore, this Court has no jurisdiction to consider defendant's claims.

**IT IS THEREFORE ORDERED** that defendant's motion for execution and hearing of warrant and/or dismissal of detainer (Dkt. # 66) is **dismissed for lack of jurisdiction.**

**IT IS SO ORDERED** this 15th day of September, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE