IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | Case No. 11-CR-0118-001-CVE |
| v.      ) | |
| ) | |
| STEVEN PAUL WOOTEN,      ) | |
| ) | |
| Defendant.      ) | |

## OPINION AND ORDER

Before the Court is defendant's motion for time served (Dkt. # 69). On May 11, 2012, defendant was sentenced to a 60-month term of imprisonment following his plea of guilty to the offense of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d). Defendant appeared for sentencing on a writ of habeas corpus ad prosequendum from the State of Oklahoma, where he had been held since July 2011 on unrelated state offenses. Oklahoma has primary jurisdiction and defendant is currently incarcerated within the Oklahoma Department of Corrections. The United States Marshals Service (USMS) has lodged a detainer pursuant to the judgment and commitment issued for the instant federal offense. On June 27, 2012, the Court filed a recommendation for partially concurrent designation based on the defendant's initial letter (Dkt. # 50), dated May 31, 2012, questioning his placement in state custody. The Court construed the defendant's inquiry liberally as a motion for a concurrent sentence. The Court found that the aforementioned state cases were not related to the instant offense. Under such circumstances, a district court may order the instant offense to run concurrently, partially concurrently, or consecutively to the undischarged terms of imprisonment to achieve a reasonable punishment for the instant federal offense. See USSG §5G1.3(d); 18 U.S.C. §§ 3584(a), (b). Based on the nature and unrelated character of the state

offenses and the length of the sentences imposed, and in consideration of 18 U.S.C. § 3553(a) factors, the Court found that it was reasonable for the instant federal imprisonment term to run partially concurrent with the undischarged state sentences. Accordingly, defendant's motion for recommendation for nunc pro tunc designation of a state institution for concurrent service of the instant federal sentence (Dkt. # 51) was granted in part and denied in part.

On April 17, 2013, defendant filed a second letter (Dkt. # 52), requesting that the Court order all of the 60-month term of imprisonment imposed in the instant federal conviction to run concurrently with his state cases. The Court denied this request in an Order (Dkt. # 53) filed on April 23, 2013.

On August 12, 2013, defendant filed a third letter (Dkt. # 54), requesting transfer from a state facility to a federal facility to be re-evaluated to determine the extent to which being denied his previous request for transfer affected his mental condition, and that the Court issue a writ of habeas corpus so that he could address the Court on his need for medical and psychiatric care. The Court denied defendant's request to transfer from a state facility to a federal facility, declared moot his request for re-evaluation, and dismissed his request for a writ of habeas corpus, in an opinion and order (Dkt. # 55) filed on August 19, 2013.

On October 23, 2013, defendant filed a fourth letter (Dkt. # 56) requesting appointment of new counsel to aid him in addressing various issues regarding his term of imprisonment. The Court denied this request in an Order (Dkt. # 59) dated January 29, 2014. The Court also received numerous letters from defendant and various family members asking the Court for various kinds of relief, including commuting defendant's federal sentence and removing defendant's federal detainer. The United States Probation Office responded to each of these letters, explaining that the Court had

no authority to grant these requests because the requests did not fall within the narrow set of circumstances under which the Court could reconsider defendant's sentence.

On August 26, 2016, the Court received defendant's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, and a letter, again requesting that he be granted time served for his federal sentence, that his federal detainer be removed, and that he be moved from a medium security facility to a minimum security facility (Dkt. ## 61, 62). The Court dismissed defendant's § 2255 motion for lack of subject matter jurisdiction (Dkt. # 64) and filed a judgment of dismissal (Dkt. # 65).

On September 12, 2016, defendant filed a motion with the Court to recall or dismiss the USMS detainer lodged with the State of Oklahoma and bring the defendant before the appropriate court pursuant to a writ of habeas corpus ad prosequendum for disposal of the detainer and any underlying charges (Dkt. # 66). The Court dismissed defendant's motion for lack of jurisdiction in an opinion and order on September 15, 2016 (Dkt. # 67).

Defendant now files a motion (Dkt. # 69), requesting a sentence of time served or in the alternative to be remanded into federal custody. Defendant argues that he has served more custodial time in state custody than he would have served in federal custody. He further asserts that he has met all the requirements under federal law for incarceration.

The Court finds that it does not have the authority to reconsider and reduce defendant's sentence. A district court's authority to reconsider sentencing may stem only from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); see United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories

authorized by statute, the district court lacks jurisdiction to consider defendant's request); United States v. Blackwell, 81 F.3d 945, 947, 949 (10th Cir.1996) (holding that a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so; therefore, a district court does not have inherent power to resentence defendants at any time); 18 U.S.C. § 3582(b).  See also Fed. R. Crim. P. 35(a) – Correcting or Reducing a Sentence; United States v. Green, 405 F.3d 1180 (10th Cir. 2005) (district court did not have jurisdiction to resentence defendant more than [fourteen] days after imposition of sentence). Further, the Court finds that the State of Oklahoma retains primary jurisdiction in this case; therefore, the defendant must satisfy the state sentences before the Court has jurisdiction.

Defendant's requests for reduction of sentence must be dismissed for lack of jurisdiction. Further, defendant's request that in the alternative that he be remanded to federal custody is denied, based on the Court's previous Opinion and Order (Dkt. # 55).

**IT IS THEREFORE ORDERED** that defendant's motion for a time served sentence (Dkt. # 69) is **dismissed for lack of jurisdiction** and his request in the alternative to be remanded into federal custody is **denied**.

**IT IS SO ORDERED** this 14th day of December, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE